IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

MELVIN DOUGLAS SKRINE,

Defendant.

1:10-cr-444-WSD

**OPINION AND ORDER**

This matter is before the Court on the Government's Motion for Reconsideration [15].

## I. BACKGROUND

On October 18, 2010, Defendant pleaded guilty to a criminal information charging him with one count of theft of government property, specifically, Social Security benefit payments, in violation of 18 U.S.C. § 641. On January 7, 2011, the Court sentenced Defendant to serve six (6) months imprisonment, followed by three (3) years of supervised release, and to pay restitution to the Social Security Administration ("SSA") in the amount of $138,069.00. The Judgment and Commitment Order ("J&C") states:

> Restitution is due and payable immediately. The defendant shall make restitution payments from any wages he may earn in prison in

> accordance with the Bureau of Prisons Financial Responsibility Program. If restitution is not paid in full at the time of the defendant's release, payment shall become a condition of supervised release to be paid at a monthly rate of at least $150.00, plus 25% of gross income in excess of $2,300.00.

([8] at 5).[1]

On May 12, 2015, Defendant filed his "Unopposed Motion to Clarify Judgment" [11]. Defendant asserted that "he is supposed to receive $1,769.00 a month" in Disability Insurance Benefits ("DIB") from SSA, but "because of the restitution debt," SSA is withholding the entire amount of his monthly DIB payment. Defendant stated that SSA intends to withhold his DIB payments, which are his only source of income, until restitution is paid in full. Defendant argued that "it was [his] understanding based on the Judgment & Commitment . . . that this Court's intent was that the Defendant pay $150.00 per month plus 25% in gross income exceeding a monthly income of $2300 in restitution" and requested that the Court, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, amend the J&C to "achieve the intent of the Court" and order that SSA withdraw

---

[1] On October 15, 2012, pursuant to a petition from Defendant's probation officer, the Court modified the conditions of Defendant's supervised release to state: "The defendant shall make restitution at a rate of no less than $50 plus 25% of gross monthly income in excess of $2,300." ([10] at 2-3).

only $300.00[2] from Defendant's monthly DIB payment until restitution is satisfied. Defendant represented that the Government did not oppose this request.

On June 9, 2015, the Court, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, entered an Amended Judgment clarifying the restitution schedule of the original J&C. The Amended Judgment states:

> With respect to restitution, the court orders that the Social Security Administration withdraw only $300.00 from the defendant's monthly payment until the debt owed to the [SSA] is satisfied or the defendant is determined to be no longer eligible to receive benefits. If the defendant is no longer eligible to receive Social Security benefits, he will be required to pay $50.00 per month to the U.S. District Clerk's Office for forwarding to the [SSA]. All these payments shall be made until the restitution has been paid in full.
>
> The defendant shall apply all monies received from income tax refunds, lottery winnings, judgment, and/or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligations.

([14] at 5).

On June 12, 2015, the Government moved for reconsideration of the Amended Judgment, arguing that the Court in this criminal action lacks jurisdiction to enjoin SSA from withholding, pursuant to its authority under the Social Security Act, the entire amount of Defendant's monthly DIB payments.

---

[2] The $300 amount requested is higher than the amount ordered in the J&C, but "is a figure deemed fair and reasonable by both the Government and the Defense." ([11] at 3 n.1).

In his Response to the Government's Motion for Reconsideration, Defendant argues that, by failing to respond to his Motion to Clarify, the Government waived any opposition to the Amended Judgment.

## II. DISCUSSION

It is unfortunate that the Government misled Defendant, and the Court, based on its purported "oversight . . . in interpreting the requirements of the Social Security Regulations and internal policy." The Court ordinarily would deny reconsideration where a party made material misrepresentations to the Court and otherwise failed to respond to a motion. Here, however, the Government now raises issues regarding the Court's jurisdiction and, as a result, the Court must determine whether it had authority to grant Defendant's Unopposed Motion to Clarify.

Defendant sought relief pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which provides that the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Defendant argued that "[t]he parties believe that a clarification to the judgment would not result in a substantive change to the judgment, but rather would be a clerical correction to achieve the intent of the Court." The J&C sets a payment schedule for restitution,

with monthly payments required in an amount less than the entire amount of Defendant's monthly income. That SSA is withholding the entire amount of Defendant's monthly DIB payments is not because of a "clerical error" in the J&C, and thus relief is not authorized under Rule 36.

SSA is withholding Defendant's monthly DIB payments pursuant to its authority under the Social Security Act to recoup funds wrongfully paid to an individual. 42 U.S.C. § 404(a)(1) provides:

> Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person . . . proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security, as follows:
>
> (A) With respect to payment to a person of more than the correct amount, the Commissioner of Social Security shall decrease any payment . . . to which such overpaid person is entitled, or shall require such overpaid person . . . to refund the amount in excess of the correct amount . . . .

42 U.S.C. § 404(a)(1). SSA's regulations, promulgated pursuant to 42 U.S.C. § 404(a), state that, if the individual to whom overpayment was made is entitled to a monthly Social Security benefit payment, "no benefit for any month . . . is payable to such individual . . . until an amount equal to the amount of the overpayment has been withheld or refunded." 20 C.F.R. § 404.502(a)(1). SSA may adjust the amount withheld if "it is determined that withholding the full amount each month would . . . deprive the person of income required for ordinary

and necessary living expenses." 20 C.F.R. § 404.502(c)(1). This adjustment is not available where, as here, "the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information." 20 C.F.R. § 404.502(c)(2). SSA is therefore authorized to recover the amount of overpayment made to Defendant, including by withholding the entire amount of his monthly DIB payment, independent of this criminal action.

Other courts have recognized that a restitution order from a criminal case does not limit SSA's statutory or regulatory means of recouping losses caused by a defendant's wrongful acts, and Defendant admits that he has found no contrary authority. See United States v. Theede, No. CR 03-0996-01, 2010 WL 653422 (D. Ariz. Feb. 19, 2010); United States v. Brown, No. 09-116, 2012 WL 75105 (W.D. Pa. Jan. 10, 2012) (challenge to withholding amount "more appropriately brought directly to the agency pursuant to the applicable administrative processes and procedures, rather than to this Court's attention" in defendant's criminal proceeding); United States v. Nelson, No. 03-80712, 2013 WL 3381436 (E.D. Mich. July 8, 2013) (court lacks jurisdiction to prevent SSA from withholding defendant's benefits; restitution order does not prevent SSA from using its own regulatory powers to recoup its losses, and defendant needs to

exhaust administrative remedies with SSA before seeking relief from court); United States v. Young, No. 1:10-cr-00006-TBR-2, 2012 WL 4023773, at *3 (W.D. Ky. Sept. 12, 2012) ("Young provides no authority to suggest that the SSA's recoupment power is limited to this Court's restitution order in Young's criminal case, and nothing in the Court's restitution order purported to limit other statutory or regulatory means of recouping losses caused by the defendant's wrongful acts. Therefore, the Court lacks jurisdiction to prevent the SSA from recouping Young's entire monthly benefit.").[3]

Here, Defendant's conviction for theft of government property under 18 U.S.C. § 641 based on his fraudulently obtaining Social Security benefits authorizes SSA to withhold the entirety of Defendant's monthly DIB payments until the overpayment amount is fully repaid, and the appropriate means for Defendant to challenge this withholding is through the administrative process. "[B]ecause Defendant is before this Court in a criminal case, not in a civil action to constrain collection efforts," the Court lacks jurisdiction to enjoin SSA from

---

[3] Defendant relies on United States v. Chapman, No. 2:14-CR-11 (W.D. Mich. 2014) to support that at least one court has entered an order clarifying a judgment under circumstances similar to the case here.  The order in Chapman does not address whether the court has jurisdiction to "clarify[] the restitution schedule" to limit the amount SSA may withhold, and the Court notes that amended the judgment does not order that SSA withhold *only* a certain amount, as Defendant requests here.  The Court finds the thorough and well-reasoned opinions in Theede, Brown, Nelson and Young more persuasive.

exercising its authority, under the Social Security Act, to collect the overpayment amount and withhold Defendant's monthly DIB payments. See Theede, 2010 WL 6534222, at *1-2; Brown, 2012 WL 75105, at *4; Nelson, 2013 WL 3381436, at *2; Young, 2012 WL 4023773, at *3. The Court's June 9, 2015, Order and Amended Judgment are required to be vacated.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Government's Motion for Reconsideration [15] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's June 9, 2015, Order [13] and Amended Judgment and Commitment [14] are **VACATED.** Defendant's Motion to Clarify Judgment [11] is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's original January 7, 2011, Judgment and Commitment [8] is **REINSTATED.**

**SO ORDERED** this 25th day of June, 2015.

William S. Duffey

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE